IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NORMAN LEE TAMMONS, #311225, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-00244-JPG |
| | ) | |
| CATHY MACELROY, | ) | |
| JANELLE BLOODWORTH, | ) | |
| LIEUTENANT STRUBBERG, | ) | |
| LIEUTENANT BUJNAK, | ) | |
| SERGEANT MOORE, | ) | |
| OFFICER EVERETTE, | ) | |
| OFFICER BECKER, | ) | |
| JUDGE ZINA CRUISE, | ) | |
| and SERGEANT SCOTT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint filed by Plaintiff Norman Tammons, a pretrial detainee at St. Clair County Jail ("Jail"). (Doc. 10). He brings this civil rights action pursuant to 42 U.S.C. § 1983.[1] In the Complaint, Plaintiff names his public defender (Cathy MacElroy) and judge (Honorable Zina Cruise) in connection with challenges to his pending criminal case, and he seeks release from custody. He names a sergeant (Sergeant Scott) for responding to his suicide attempt with excessive for and his counselor (Janelle Bloodworth) for responding with inadequate mental health treatment, and he seeks money

---

[1] Although Plaintiff also designates the First Amended Complaint as an action brought pursuant to 28 U.S.C. § 1331 (*Bivens*) and 28 U.S.C. §§ 1346, 2671-2680 (FTCA), the Court notes that he is not suing federal agents, as required for claims brought pursuant to *Bivens*, and he has not named the United States, as required for claims brought pursuant to the FTCA. He instead seeks relief against state or local officials for various violations of his constitutional rights, for which 42 U.S.C. § 1983 may provide some relief. Accordingly, the *Bivens* and FTCA claims shall be **DISMISSED without prejudice**.

1

damages against both. Finally, Plaintiff names St. Clair County officers (Strubberg, Bujnak, Moore, Everette, Becker, and Scott) in connection with a retaliation claim, giving rise to his request for a restraining order and money damages against the officers. (*Id*. at 1-8).

The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). Before the Court screens the First Amended Complaint, however, it must first determine whether any claims are improperly joined in this action and subject to severance. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

## First Amended Complaint

The First Amended Complaint sets forth the following allegations against each group of defendants (Doc. 10, pp. 1-8):

**A.     Counselor Bloodworth and Sergeant Scott**

Plaintiff alleges that Counselor Janelle Bloodworth, his mental health counselor, will not speak with him about his ongoing mental health issues until he attempts suicide. (Doc. 10, p. 2, 5-7). Plaintiff has repeatedly attempted to end his life while at the Jail. Each time, Counselor Bloodworth has waited until after he makes a suicide attempt to meet with him. She then blames him for his problems. This only makes his situation worse. (*Id*.).

During one such attempt on October 17, 2021, Plaintiff swallowed razorblades. Sergeant Scott responded by shooting him with a taser gun and ordering him to "stop resisting" while

continuing to shoot him. At the time, Plaintiff had already ingested the razorblades, and he was not resisting. Plaintiff was nevertheless paraded through the hallways naked, as other detainees and officers watched and laughed at him. He was then placed in a suicide watch cell, where Counselor Bloodworth finally spoke with him about the situation before blaming him for his past trauma and current suicide attempt. (*Id.*).

**B.** **Officers Strubberg, Bujnak, Moore, Everette, Becker, and Scott**

Plaintiff also names St. Clair County Jail Officers Strubberg, Bujnak, Moore, Everette, Becker, and Scott in connection with an unspecified retaliation claim. (Doc. 10, pp. 1-7). Although the allegations against these defendants are vague, they seem to involve the denial of access to complaint forms, grievance forms, trust fund certification forms, e-messaging, and, more generally, the courts. Plaintiff seeks a restraining order against these defendants to prevent all further acts of retaliation. (*Id.* at 7).

**C.** **Public Defender MacElroy and Judge Cruise**

Plaintiff claims that his public defender, Attorney Cathy MacElroy, is retaliating against him because he accused her of stealing his "invention." (Doc. 10, pp. 1, 5-7). As a result, she has made prejudicial concessions in his criminal case now pending before Honorable Zina Cruise. Attorney MacElroy refused to share any discovery materials with Plaintiff before taking the case to trial. She also agreed that he should remain handcuffed and "heavily restrained" while in the presence of the jury. Plaintiff insists that the jury will certainly find him guilty under these circumstances. He seeks release from custody. (*Id.*).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following counts in the *pro se* First Amended Complaint:

**Count 1:** Fourteenth Amendment claim against Defendant Bloodworth for denying Plaintiff adequate mental health treatment throughout his pretrial detention at the Jail.

**Count 2:** Fourteenth Amendment claim against Defendant Scott for responding to Plaintiff's suicide attempt with excessive force on October 17, 2021.

**Count 3:** Fourteenth Amendment claim against Defendant Scott for subjecting Plaintiff to unlawful punishment by parading him through the hallways naked after he attempted suicide on October 17, 2021.

**Count 4:** First Amendment retaliation claim and/or denial of court access claim against Defendants Strubberg, Bujnak, Moore, Everette, Becker, and Scott for denying Plaintiff complaint forms, grievance forms, trust fund certification forms, and e-messaging at the Jail.

**Count 5:** Unspecified claims against Attorney MacElroy and Judge Cruise for taking prejudicial action against Plaintiff in his criminal case, in violation of his constitutional rights.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Severance

Counts 1-3, Count 4, and Count 5 arise from separate transactions or occurrences, include no common questions of fact, involve different defendants, and implicate distinct legal theories. Under the circumstances, the Court finds that they are improperly joined in this action, and they cannot proceed together. *See* FED. R. CIV. P. 18, 20(a)(2). District courts must apply Rule 20 of the Federal Rules of Civil Procedure to prevent improperly joined parties from proceeding together

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

in the same case. *George*, 507 F.3d at 607.  Rule 21 of the Federal Rules of Civil Procedure grants district courts broad discretion when deciding whether to sever claims or to dismiss improperly joined defendants.  *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).  The Court relies on this authority to sever Count 4 and Count 5 into separate suits, as follows:

### Severed Case No. 1:

**COUNT 4** against Defendants Strubberg, Bujnak, Moore, Everette, Becker, and Scott for denying Plaintiff complaint forms, grievance forms, trust fund certification forms, and e-messaging at the Jail in attempt to retaliate against him and/or deny him court access in violation of his rights under the First Amendment.

### Severed Case No. 2:

**COUNT 5** against Attorney MacElroy and Judge Cruise for taking prejudicial action against Plaintiff in his criminal case in violation of unspecified constitutional rights.

The Clerk will be directed to open Severed Cases No. 1 and 2.  Plaintiff will be responsible for paying the filing fee for each severed case, unless he timely advises the Court that he does not wish to proceed with any of these severed cases.  Counts 1, 2, and 3 will remain in this action and are subject to preliminary review under 28 U.S.C. § 1915A below.

### Section 1915A Review: Counts 1-3

Plaintiff indicates that he was a pretrial detainee during the relevant time period.  Therefore, his claims arise under the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment of pretrial detainees.  *See Kingsley v. Henderson*, 576 U.S. 389 (2015); *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018).  To state a claim under the Fourteenth Amendment, a pretrial detainee must set forth facts suggesting that each defendant "acted purposefully, knowingly, or perhaps even recklessly" in response to conditions posing an excessive risk to his health or safety and that the defendant's actions were "objectively unreasonable." *Miranda*, 900 F.3d at 352-54.

Plaintiff's allegations suggest that Counselor Bloodworth responded to Plaintiff's obvious risk of suicide at the Jail in an objectively unreasonable manner when she refused to speak with him before each suicide attempt (Count 1); Sergeant Scott knowingly used force that was objectively unreasonable when he shot Plaintiff with a taser gun after he swallowed razorblades on October 17, 2021 (Count 2); and Sergeant Scott acted in an objectively unreasonable manner when parading Plaintiff naked through the hallways to a suicide watch cell on October 17, 2021 (Count 3). *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). Accordingly, Counts 1, 2, and 3 shall proceed against those individual defendants named in connection with each claim.

## Disposition

**IT IS ORDERED** that the *Bivens* and FTCA claims are **DISMISSED** without prejudice, and the First Amended Complaint shall proceed, if at all, as a civil rights action brought pursuant to 42 U.S.C. § 1983.

**IT IS ORDERED** that the following claims and defendants are **SEVERED** from this action:

> **COUNT 4** is **SEVERED** into a new case, which shall be captioned: **NORMAN LEE TAMMONS, Plaintiff vs. LIEUTENANT STRUBBERG, LIEUTENANT BUJNAK, SERGEANT MOORE, OFFICER EVERETTE, OFFICER BECKER,** and **SERGEANT SCOTT, Defendants.**
>
> **COUNT 5** is **SEVERED** into a new case, which shall be captioned: **NORMAN LEE TAMMONS, Plaintiff vs. CATHY MACELROY** and **ZINA CRUISE, Defendants.**

The Clerk is **DIRECTED** to file the following documents in each newly-severed case:

1) The First Amended Complaint (Doc. 10); and
2) This Memorandum and Order Severing Case.

**COUNTS 4** and **5** and Defendants **LIEUTENANT STRUBBERG, LIEUTENANT BUJNAK, SERGEANT MOORE, OFFICER EVERETTE, OFFICER BECKER, CATHY**

MACELROY and ZINA CRUISE are **DISMISSED** with prejudice from this action, and the Clerk of Court is **DIRECTED** to **TERMINATE** these defendants in CM/ECF.

The **only claims remaining in this action** are **COUNT 1** against Defendant **JANELLE BLOODWORTH** and **COUNTS 2** and **3** against **SERGEANT SCOTT**.

The Clerk of Court is **DIRECTED** to **MODIFY** the case caption as follows: **NORMAN LEE TAMMONS, Plaintiff vs. JANELLE BLOODWORTH and SERGEANT SCOTT, Defendants.**

**COUNT 1** survives Section 1915A review against Defendant **JANELLE BLOODWORTH**, and **COUNTS 2** and **3** survive screening against **SERGEANT SCOTT,** in their individual capacities. **Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act**.

The Clerk of Court shall prepare for Defendants **JANELLE BLOODWORTH** and **SERGEANT SCOTT**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 10), and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or his or her last-

known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint (Doc. 10) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 6/30/2022**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
